IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL A. WALLACE,
    Plaintiff,

v.

CAROLYN W. COLVIN,[1]
Acting Commissioner
of Social Security,
    Defendant

NO. 3:12-cv-1064

(JUDGE NEALON)

FILED
SCRANTON
AUG 19 2014
PER _____ DEPUTY CLERK

## MEMORANDUM

In the above-captioned action, Plaintiff, Michael Wallace, sought review of a decision of the Commissioner of Social Security ("Commissioner") denying his claim for social security disability insurance benefits ("DIB"). In a Memorandum and Order dated April 30, 2014, this Court granted Plaintiff's appeal, entered judgment in favor of Plaintiff, reversed the Commissioner's decision, and remanded the case to the Commissioner for the calculation and award of benefits to Plaintiff. (Docs. 10 and 11).

Presently pending is Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) that was filed along with a corresponding

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration ("SSA") on February 14, 2013, and is substituted for Michael J. Astrue as the Defendant in this case pursuant to Federal Rule of Civil Procedure 25(d).

support brief on May 28, 2014. (Docs. 12 and 13). The motion seeks relief with respect to the April 30, 2014 Memorandum and Order. (Docs. 10 and 11).[2]

In the motion to alter judgment, Defendant states that in finding that Plaintiff's impairments met the Listings and in awarding benefits on this basis, this Court overstepped its bounds and usurped the fact-finding role of the administrative law judge ("ALJ"). (Doc. 13, pp. 6-10). Defendant argues that the case should have been remanded for further record development by a state agency physician or by a medical expert elicited by the ALJ because "there are factual issues to be resolved." (Doc. 13, pp. 2-3, 6-10).

---

[2]In reviewing the April 30, 2014 Memorandum, and pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, its is noted that there are two typographical errors that state that the Commissioner's decision would be affirmed. (Doc. 10, pp. 1-3). Rule 60(a) states the following:

> Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

FED. R. CIV. P. 60(a). It was clear in the Discussion and Order that the intent was to reverse the Commissioner's decision, and as such, the word "affirmed" on pages one (1) and three (3) of the April 30, 2014 Memorandum will be substituted with the word "reversed." Notably, neither party has raised this as an issue for review.

Importantly, the district court can award benefits when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the plaintiff is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178 (3d Cir. 1986); Tennant v. Schweiker, 682 F.2d 707, 710 (8th Cir. 1982); Woody v. Secretary of Health & Human Services, 859 F.2d 1156 (3d Cir. 1988) (The Third Circuit Court of Appeals reversed judgment of the district court and remanded the case to the district court to enter an order directing the payment of benefits to claimant, in part, because his mental health impairment met Listing 12.04). When faced with such cases, it is unreasonable for the court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would only result in further delay in the receipt of benefits. See Livingston v. Califano, 614 F.2d 342, 345 (3d Cir. 1980). The decision whether to reverse or remand lies within the discretion of the court. See, e.g., Gilliland, 786 F.2d at 185; Rini v. Harris, 615 F.2d 625, 627 (5th Cir. 1980).

In the present case, the record is extensive and well-developed. The record is five hundred eighty-one (581) pages in length, and includes the medical records of several doctors who have examined Plaintiff. Substantial evidence in the record indicates that Plaintiff meets Listings 1.04A and 11.14. Under these

circumstances, there is no reason to remand for further consideration of whether Plaintiff is disabled.

Defendant also argues that Plaintiff's appeal should not have been granted, and that he should have not been awarded benefits, because the impairment Listings were not met. (Doc. 13, pp. 2-10). Defendant bases the argument that the Listings were not met on the following grounds: (1) this Court incorrectly largely relied on Plaintiff's subjective complaints, rather than objective medical records, to arrive at the conclusion that the impairments met the Listings; and (2) Plaintiff's impairments were not severe enough to meet all of the Listings' criteria because Plaintiff's physicians opined that he could work. (Id. at 2, 3-6).

Upon review of the Memorandum issued on April 30, 2014, it is determined that objective medical findings, not Plaintiff's subjective complaints, were relied on in reaching the conclusion that the impairments Listings were met. In relation to Listing 1,04A[3], Disorders of the Spine, the Memorandum stated the following:

---

[3]Listing 1.04A provides, in part, as follows:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle

4

> Several treatment notes from Dr. Powers reveal that Wallace suffered from motor weakness, restricted neck movement, paraspinal muscle spasm and trapezius discomfort related to the decompression at C3-4, and numbness due to sensory disturbance from nerve root decompression and probably from contusion of the nerve with the decompression. (Tr. 224).[4] Wallace underwent cervical spine surgery for decompression of the left C4 nerve root. (Tr. 13, 234). Dr. Powers noted that Wallace had "a progressively worsening problem of left neck pain extending into the left shoulder area" and "minor weakness involving the left trapezius muscle and a left C4 sensory loss to testing." (Tr. 255).

(Doc. 10, pp. 22-23).

The conclusion that Plaintiff's peripheral neuropathies met all criteria of Listing 11.14[5], Peripheral Neuropathies, was supported by Dr. Ward's medical

---

weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, Appendix 1.

[4]References to "(Tr. _)" are to pages of the administrative record filed by Defendant as part of the Answer on August 14, 2012. (Doc. 7).

[5]Listing 11.14 provides, in part, as follows:

Peripheral neuropathies. With disorganization of motor function as described in 11.04B, in spite of prescribed treatment.

Listing 11.04B states:

Significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous

opinion. (Doc. 10, pp. 23-24). The Memorandum explained:

> The ALJ determined that Wallace suffers from peripheral neuropathy, but that there is no significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station. (Tr. 13-14). As stated, Dr. Ward diagnosed polyneuropathy and noted that Wallace had multiple complaints of neuropathic pain in his arms and legs and that many tests and treatments did not provide relief. (Tr. 473-78). Dr. Ward found that Wallace is capable of only occasionally lifting and carrying two to three pounds, he is limited in standing and walking, could never balance or climb, and he is limited with reaching, handling, fingering and feeling. (Tr. 477-78).

(Id.). Additionally, the medical procedures on Plaintiff's hands and elbow were discussed. (Id. at 26). Accordingly, objective medical evidence, and not just Plaintiff's subjective complaints, was relied on in reaching the conclusion that both of Plaintiff's impairments met the criteria for the corresponding Listings.

In addressing the second ground of Defendant's argument that all of the criteria of the Listings were not met because Plaintiff's treating physicians undermined the severity of his impairments in opining that he could work, it is noted that motions under Rule 59(e) are appropriate only to rectify plain errors of law or fact or to offer newly discovered evidence, and they may not be used to

---

movements, or gait and station (see 11.00C).

20 C.F.R. Part 404, Subpart P, Appendix 1, Listings 11.14, 11.04B.

relitigate old matters or to raise arguments or present evidence that could have been offered earlier. Mendez v. Sullivan, 488 Fed. Appx. 566, 568-69 (3d Cir. 2012); See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). This issue was already raised in Defendant's brief in opposition to the appeal. (Doc. 9, pp. 11-12). Moreover, this issue was already litigated as it was determined that because Plaintiff's impairments met the requisite Listings, a residual functional capacity ("RFC") analysis was not warranted. The Memorandum stated:

> [B]ecause the Court finds that Wallace meets the Listing requirements, this argument will not be addressed. See 20 C.F.R. 404.1520(a)(4)(iii) ("At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled."). See also Hernandez v. Commissioner of Social Security, 198 Fed. Appx. 230, 232 (3d Cir. 2006) ("In step three, the Commissioner evaluates whether the evidence establishes that the claimant suffers from a listed impairment. If so, the claimant is automatically eligible for benefits.").

(Doc. 10, p. 26). Therefore, relitigation of this issue in the instant motion is not proper. This Court has already considered this argument, and determined that because the Listings were met at step three (3), an RFC analysis under step four

(4) was not necessary. Once Plaintiff was found to meet the Listings, he was considered to be presumptively disabled, and further inquiry into the RFC was not warranted.

## **CONCLUSION**

For the foregoing reasons, the motion fails to provide any reason which would justify altering or amending the findings of fact or the conclusions of law set forth in the April 30, 2014 Memorandum and Order. As such, Defendant's Motion to Alter or Amend Judgment will be denied. A separate order will be issued.

**Date**: August 19, 2014

*[signature]*

**United States District Judge**